## In the Court of Common Pleas of Philadelphia.

---

### LAGROSSE *v.* CURRAN.

Witnesses attending without subpœna, and not called to testify, are entitled to their costs where a subpœna had been taken out but they waived its service, and where there was no allegation that their testimony was not needed.

**Appeal from taxation of costs.**

Opinion delivered, May 2, 1874, by

ALLISON, P. J. This was action of replevin, in which double costs are claimed for fees of witnesses. Upon the trial of the cause the verdict was for the defendant, his bill of costs has been allowed by the prothonotary. The cause went in favor of the defendant, upon the questions of law which were submitted to the court, upon the plaintiff closing his case, and none of the witnesses for whom costs are claimed were examined before the jury.

The most important of the exceptions taken to those costs is, that the attendance was voluntary, except as to one witness, who was duly subpœnaed.

There seems to be no reason to question the good faith of the defendant, in procuring the attendance of his witnesses at the trial; he expected to be called on to make a defence to the case as presented by plaintiff, it was his duty, therefore, to come to the contest prepared with his witnesses, ready to be called, and he might, with good reason, have anticipated that the cause would turn mainly upon a question of fact, as to a right of way along a court or ally which plaintiff alleged had been acquired by uninterrupted user of twenty-one years.

In De Benneville *v.* De Benneville, 1 Binney, 46, it was held, that a witness subpœnaed, though not examined, or if examined, though not subpœnaed, has a right to be paid, and that a party has a right to call as many witnesses as he thinks are necessary to make out his case. The court will protect against oppression by needless multiplication of witnesses. This cannot be successfully charged in this case; the witnesses were five in number, four of whom attended court for five days, and one for four days.

This case differs from the rule laid down in De Benneville *v.* De Benneville, in the fact that there was here, as to four of the witnesses, no service of the subpœna. But it is also the fact that a subpœna was taken out, the names of the witnesses inserted in it, and that personal service was waived when about to be made, and that they attended court after they were informed that a subpœna had been taken out for them. Fraud, oppression, or the slightest want of good faith has not been suggested. The fee bill gives compensation to witnesses for daily attendance upon court; it does not say anything about attendance in obediance to subpœna; if subpœnaed there is an additional allowance for cost of service; this is necessary to enable a party to compel attendance. The defendant being liable to these witnesses, for their cost, is entitled to the bill as it has been taxed.

Exceptions dismissed and taxation confirmed.